PENFIELD *against* SAVAGE.

An infant, being an inhabitant of a town within one probate district inherited from her deceased father real estate lying in another; and while she was residing with her mother in the former district, the court of probate in the latter, appointed a guardian to her, who, in that capacity, took her estate into his possession, and paid for her support down to a certain period, when he refused to pay for further supplies, offering, at the same time, to take her into his custody and provide for her himself. In an action of book-debt, against him, for necessaries subsequently furnished, by the mother's second husband, it was held, that the defendant was not liable: for if he was not lawful guardian, one might be appointed, who could call the infant's estate out of his hands; and if he was lawful guardian, he was only compellable, by some proceeding adapted to the case, to apply the estate in his hands to the infant's support, and could not be subjected, in an action at law, as for his proper debt.

THIS was an action of book-debt, to recover of the defendant, as the guardian of *Betsey A. Sloper,* the sum of 109 dollars, 84 cents, expended by the plaintiff for her support and education.

The cause was tried at *Haddam, December* term, 1817, before *Trumbull, Baldwin* and *Hosmer,* Js. on the general issue, closed to the court.

*James Sloper,* a resident of *Middletown,* in *September* 1806, married *Charlotte Haskell,* an inhabitant of the same town. He lived with her there until the 20th of *January* 1807, when he went to sea, and died on the 21st of *February* following, leaving one child, *Betsey A. Sloper,* who was born at *Middletown,* in the probate district of *Middletown,* in *July* 1807. Both the mother and daughter, since the birth of the latter, have constantly resided at *Middletown.* In *July* 1811, Mrs. *Sloper* married *Hosea Penfield,* the plaintiff, in whose family *Betsey A. Sloper* has since resided ; and the sum stated in the declaration has been expended by him, for her necessary clothing, board and schooling. *James Sloper* left real estate in *Southington,* in the probate district of *Farmington,* inventoried at 3655 dollars, between two and three thousand dollars of which came into the hands of the defendant, as the guardian of *Betsey A. Sloper.* The defendant's wife was the sister of *James Sloper,* and his nearest surviving relative. The appointment of the defendant as guardian, was made by the court of probate in *Farmington* district, and was as follows : " At a court of probate, holden at *Farmington,* in the district of *Farmington,* on the 2d day of *September* 1808 ; *Caleb Savage* is appointed guardian to *Betsey A. Sloper,* a minor belonging to said district. Bond taken, and on file." The defendant paid the plaintiff for *Betsey's* support down to the 31st of *May* 1814, and then requested the plaintiff and his wife to permit her to go with him, stating that he was ready and willing to take her into his custody, to take care of her, to support her, to put her to school, and to do his duty to her as guardian in all respects ;

but the plaintiff and his wife refused to part with her. The defendant then gave them notice, that he would not pay any thing for her support after that time. The plaintiff's charges accrued subsequently, of which due notice was given to the defendant.

Upon these facts the court gave judgment for the defendant; and the plaintiff moved for a new trial. The motion was reserved in the usual manner.

*E. Huntington,* in support of the motion, stated, that the principal question in this case, was, whether the defendant was entitled to the custody of *Betsey A. Sloper.* He contended, that the defendant was not legally constituted guardian of her person, as she never resided within the probate district of *Farmington,* and was not subject to the jurisdiction of the judge of that district. The appointment was *coram non judice ;* and being so, the *finding* to support the decree, as well as the decree itself, is void. The appointment being out of the case, the guardianship, which, at the age of this child, was, at once, that by nature, and for nurture, devolved on the mother. *Co. Litt.* 88. *b.* and n. 67. by *Harg.* 1 *Black. Comm.* 461. *Reeve's Dom. Rel.* 320. Still, however, the defendant is to be regarded, and rendered liable, as guardian of *Betsey A. Sloper's property,* so far as he has made himself so by his acts. Having taken her property into his possession as guardian, he is precluded from disputing the situation which he has assumed. He cannot say that he is not in the situation in which he has acted. *Peake's Evid.* 21.

*C. Whittelsey,* contra, was stopped by the Court.

SWIFT, Ch. J. In this case, the defendant is lawful guardian to *Betsey A. Sloper,* the infant, or not. If he is not the lawful guardian, then a guardian may be appointed, who can call out of his hands the estate of the infant, which he has received, and he cannot be liable for her support. If he is now the lawful guardian, then this action cannot be sustained ; for a guardian is not bound to support his ward out of his own estate, and is not liable to an action in his personal capacity. It must be by some process, by which the guardian may be compelled to apply the estate of the ward for her

*Hartford,*
June, 1818.

Penfield
*v.*
Savage.

support, and not by a suit at law against him as for his own proper debt.

HOSMER, J. It has been contended by the plaintiff, that the appointment of the defendant as guardian to *Betsey A. Sloper* was *coram non judice,* and void. If this were admitted, under what legal obligation would he be to provide for her? I am of opinion, however, that he is her legal guardian. The fact conferring jurisdiction on the court, is the residence of the minor.(a) The appointment by the judge of the district of *Farmington,* declares on its face, that " *Betsey A. Sloper* is a minor belonging to said district." This, in support of the appointment, is conclusive. Every court of limited jurisdiction, has right to ascertain the facts requisite for the exercise of its jurisdiction. *Betsey A. Sloper,* if she pleases, may appeal from the appointment, and then the question of fact will be open. The truth of the fact found, cannot, collaterally, be the subject of enquiry.

The word " guardian," as used in the statute, is commensurate with the whole parental right and duty, and equivalent to *tutor et curator* of the *Roman* law. 1 *Black. Comm.* 460. 1 *Swift's Syst.* 212. The exception in behalf of fathers reserving to themselves their authority over the person, notwithstanding a guardian is appointed, shows the extent of the term when unrestrained.

The defendant, as legal guardian of *Betsey A. Sloper,* over both person and estate, demanded the possession of her person, and expressly declared, that he would pay nothing to the plaintiff for her support. Posterior to this, the supplies were made, on which the present action is founded. On what ground can there be implied a contract against the defendant? He has never assented that these supplies should be made; but, virtually, has prohibited them.

I am clear, that a new trial ought not to be granted in this case.

The other Judges, were of the same opinion, except CHAPMAN, J., who gave no opinion, having been absent when the case was argued.

New trial not to be granted.

(a) 1 *Stat. Conn. tit.* 84. *s.* 1.