## THOMAS H. MACREADY vs. JOHN WILCOX.

The right of the mother as natural guardian to the custody of her minor children after the death of the father, is inferior to the right of a guardian appointed by the court of probate.

And where the superior court, on a writ of habeas corpus, discharged such children from the custody of the legal guardian, and gave them to the mother, it was held that it was not such an exercise of discretion on the part of the court as could not be reviewed on a writ of error.

The provision of the constitution of the United States against the suspension of the writ of habeas corpus, applies solely to the absolute denial of the writ, and has no reference to the delay involved in a review by the higher court of the judgment of a lower one on such a writ.

HABEAS CORPUS, before the superior court, *Carpenter, J.,* for the discharge of Henry Howard Edgar and Sarah Sophia Edgar, minor children, from the custody of the respondent. The respondent made the following return to the writ.

The respondent, in obedience to said writ, brings the said Henry Howard Edgar and Sarah Sophia Edgar into court, and says that they are in no manner unreasonably restrained or deprived of their liberty by the respondent, that the children were placed by their mother in his custody nearly two years ago, to be maintained and supported, to remain until they were fifteen years of age, and have ever since so remained by their own free will and accord, and have been supported, maintained and educated by him, and are still desirous of so remaining ; and he further says that he is the legal guardian of said children and as such is entitled to the care and custody of them, and that he is still desirous of maintaining, supporting and educating them, and that it is for the best interest of said children to remain in his care and custody, and that the petitioner is in no manner entitled to have the care and custody of said children in his stead.

The court found the following facts :—

The children named in the writ are of the respective ages of ten and eight years. The relator is their uncle, but has never been appointed their guardian, and has no legal right to their custody. About two years since Anna Bossong, the

mother of the children, brought them from the city of New York to the respondent, then and now residing in Enfield in this state, and left them with him upon the verbal understanding and agreement that they should remain with him until they were twenty-one years of age, or old enough to choose for themselves. She represented that she was in necessitous circumstances and unable to bring up the children, that they were her's by a former husband, one William Edgar, from whom she was divorced, and who had no property, and that her then husband, Phillip Bossong of New York, had refused to provide for them or allow them to call him father. Thereupon the respondent received the children and has kept and maintained them ever since. At that time they were poorly clad and ignorant, neither of them having learned to read. He properly cared for them, and it is a suitable place for them. On the 27th day of October, 1865, the mother demanded the children of the respondent, and on the next day they were demanded by the relator ; which demands were refused. On the 27th of October, 1865, the respondent was duly appointed guardian to the children while the mother was in this state and without notice to her, which appointment is now in full force. There is no other illegal restraint upon the children than the refusal of the respondent to deliver them up.

The mother has been in the millinery business in New York and elsewhere, but at the present time is out of business, although she contemplates going into business soon in the city of Newark, New Jersey. She is in no better condition pecuniarily to take care of the children now than when they were first left with the respondent, except that she may derive some means from her business, and that the children are now able, or will be soon, to do something for themselves. Her present husband did not appear in court, and so far as appears took no interest in these proceedings, except to furnish part of the funds to carry on the suit. The youngest child, Sarah, is a girl in feeble and failing health.

Upon these facts the court ordered the children to be discharged from the custody of the respondent, and delivered

into the custody of the mother. The respondent brought the record before this court for revision by a motion in error.

*Briscoe* and *Hamersley*, for the plaintiff in error.

1. The respondent, being the legal guardian appointed by the probate court, is entitled to the custody of the children. Revision of 1866, p. 312, sec. 65. The guardian so appointed is a *general guardian*, and his power extends to both estate and person of the ward. The phrase "no father, guardian or master," shows how extensive the power. "The guardian is a temporary parent. He performs the office both of the *tutor* and *curator* of the Roman law. The former has charge of his maintenance and education, the latter of his fortune. The tutor was the committee of the person, the curator the committee of the estate." 1 Bla. Com., 469 ; 1 Swift's System, 212 ; *Penfield* v. *Savage*, 2 Conn., 388 ; *Kline* v. *Beebe*, 6 id., 501 ; 1 Swift's Dig., 48. "A guardian has the same power over his ward that a father has over his child. He has the custody of his person and may appoint the place of his residence." *Holyoke* v. *Haskins*, 5 Pick., 26 ; 1 Swift Dig., 50. Under the law of Pennsylvania, "the appointment of a guardian is a final decision upon the right to the care and control of the person of the minor and his estate." *Senseman's Appeal*, 21 Penn. S. R., 331. So in Alabama. *Dupree* v. *Perry*, 18 Ala., 34. Also in England. *King* v. *Isley*, 5 Adol. & El., 447.

2. The mother has no authority which can override the right of the guardian over the person. She is not by our law the natural guardian of her children. *Penfield* v. *Savage*, 2 Conn., 388 ; *Kline* v. *Beebe*, 6 id., 500 ; *Selden's Appeal from Probate*, 31 id., 548 ; 1 Swift Dig., 50. "The mother has no right to the person of the child as the father has. The court of probate may therefore remove her from this guardianship and this is done by appointing another guardian." Reeve's Dom. Rel., 319.

3. "The natural right of the mother to the custody of her child is wholly lost, when she has by a second marriage surrendered the legal discretion which is necessary to render the

parental control of benefit to the child." *State* v. *Scott*, 10 Foster, 274; *State* v. *Richardson*, 40 N. Hamp., 281. "The father-in-law is not entitled to the custody of such child, as he is neither bound to support it nor entitled to its services." *Dedham* v. *Natick* 16 Mass., 140; 1 Bla. Com., 449; *Tubb* v. *Harrison*, 4 T. R., 118; *Cooper* v. *Martin*, 4 East, 82; *Rex* v. *Smith*, 2 Stra., 982; Reeve's Dom. Rel. 285; 2 Kent Com., 163. "The son-in-law has no home in the house of his father-in-law and the father-in-law is under no obligation to support him." *Worcester* v. *Marchant*, 14 Pick., 512. The wife can make no contract for him to bind either herself or her husband. "The mother who has married a second husband is not entitled to the custody of the child of a former marriage." *Commonwealth* v. *Hamilton*, 6 Mass., 273. Certainly not as against the legal guardian of the child. *State* v. *Scott*, 10 Foster, 274; *State* v. *Richardson*, 40 N. Hamp., 281.

4. While the child is in the custody of its general guardian, it can not be deemed under illegal restraint or imprisonment merely from a guardian's refusal to deliver it to its mother. *Coltman* v. *Hall*, 31 Maine, 196; *The People* v. *Wilcox*, 22 Barb., 178; *King* v. *Greenhill*, 4 Adol. & El., 643.

5. A court of chancery will not interfere against either father or guardian unless they abuse their trust. 2 Story Eq. Jur., § 1340, *et seq.* But no court will interfere against the father unless he is incapable or has abused his trust, because he has the paramount right to the custody of his children. *King* v. *Greenhill*, supra; *Ball* v. *Ball*, 2 Simons, 35; *In re Hakewill*, 22 Eng. Law & Eq., 395; *People* v. *Mercein*, 3 Hill, 407.

6. There can be no discretionary power in a judge or in the superior court to take a child from its legal custodian who has not abused his trust, and has well cared for it, and deliver it over to a person not entitled to the custody in any degree. *Rex* v. *Johnson*, 1 Stra., 579; *Rex* v. *De Manneville*, 5 East, 221; *Rex* v. *Hopkins*, 7 id., 579; *Ex Parte Skinner*, 9 J. B. Moore, 278; *King* v. *Greenhill*, 4 Adol. & El., 624; *In re Hakewill*, 22 Eng. Law & Eq., 395; *Regina*

v. *Clark*, 7 El. & Black., 186 ; *Commonwealth* v. *Hammond*, 10 Pick., 274 ; *Commonwealth* v. *Hoes*, 18 id., 225 ; *Commonwealth* v. *Taylor*, 3 Met., 72 ; *People* v. *Porter*, 1 Duer, 709 ; *State* v. *Cheeseman*, 2 Southard, 445 ; *Armstrong* v. *Stone*, 9 Gratt., 102 ; *Rex* v. *Smith*, 2 Strange, 982.

*Welch* and *Cole*, with whom was *J. W. Johnson*, for the defendant in error.

1. The application upon which the habeas corpus in this case was issued, was properly made, and the court was bound to inquire into the circumstances of the detention and decree accordingly. Rev. Statutes, 1866, p. 88, sec. 381 ; 2 Swift's Dig., 685 ; *Armstrong* v. *Stone*, 9 Gratt., 102 ; *People* v. *Mercein*, 3 Hill, 399.

2. In the case of infants too young to decide for themselves, the court may not only free them from all improper restraint, but may also order them placed in the proper custody, and to enable it to do so may institute an inquiry to determine to whom the custody should be given. *Armstrong* v. *Stone*, supra; *People* v. *Mercein*, 8 Paige, 47 ; *State* v. *Richardson*, 40 N. Hamp., 272.

3. The children in this case were too young to exercise a reasonable discretion in determining for themselves the question of custody. *Commonwealth* v. *Aves*, 18 Pick., 225 ; *Commonwealth* v. *Taylor*, 3 Met., 72 ; *Regina* v. *Clark*, 7 El. & Black., 186.

4. After the father's death, the mother of minor children is their natural guardian, and as such is entitled to their custody and control, and they have a corresponding right to her care and personal attention, rights which no court is at liberty to disregard. *Dedham* v. *Natick*, 16 Mass., 135, 140 ; *Jones* v. *Tevis*, 4 Littell, 27 ; 1 Swift's Dig., 42 ; *Regina* v. *Clark*, 7 El. & Black., 186 ; *Mellish* v. *De Costa*, 2 Atk., 14 ; *Armstrong* v. *Stone*, 9 Gratt., 102 ; *Fields* v. *Law*, 2 Root, 323 ; *Ratcliff's case*, 3 Coke R., 38.

5. The mother's right to the custody and control of her minor children can not be destroyed by any parol contract as to their custody. *State* v. *Baldwin*, 1 Halst. Ch., 454 ; *Peo-*

*ple* v. *Mercein*, 3 Hill, 399; *S. C.*, 8 Paige, 47; *State* v. *Clover*, 1 Harrison, 419; *Lyons* v. *Blenkin*, 1 Jacob, 246, 251; *Villareal* v. *Mellish*, 2 Swanst., 533, 538; *Regina* v. *Smith*, 16 Eng. L. & Eq., 221.

6. Marriage of the mother does not affect her right to the custody and control of her minor children. *Armstrong* v. *Stone*, supra; *Villareal* v. *Mellish*, supra; *Fields* v. *Law*, 2 Root, 323; *Ratcliff's case*, 3 Coke Rep., 38; *Mellish* v. *De-Costa*, 2 Atk., 14.

7. The order of the court of probate appointing the respondent guardian of the children, can not affect the mother's right to their custody, because she was not made a party to the proceeding. *Berlin* v. *New Britain*, 9 Conn., 175.

8. The children retained the domicil of their mother in New Jersey, who, by the laws of that state, is, as guardian by nature and for nurture, entitled to their custody, and it is the duty of this court, in the exercise of that comity which governs the relations of states, to consider the rights of the mother under the laws of her domicil. Story's Conflict of Laws, sec. 46; *Dedham* v. *Natick*, 16 Mass., 140; *Woodworth* v. *Spring*, 4 Allen, 321.

9. The jurisdiction of this court to decide on habeas corpus or other proper process concerning the care and custody of infants is paramount, and can not be taken away by any decree of an inferior tribunal. *Woodworth* v. *Spring*, supra.

10. The court will not withhold the custody of children from their mother, where she is otherwise entitled to it, unless in a clear and strong case of unfitness. *Commonwealth* v. *Briggs*, 16 Pick., 205; *State* v. *Richardson*, 40 N. Hamp., 275.

11. The decree of the lower court, giving the custody of the children to their mother, was upon a matter within the discretion of the court and not subject to fixed legal principles. *Rex* v. *Delaval*, 3 Burr., 1434; *People* v. *Mercein*, 8 Paige, 47; *Commonwealth* v. *Briggs*, 16 Pick., 205; *Armstrong* v. *Stone*, 9 Gratt., 102. This court will not reverse a decision of the superior court upon a matter in which it exercises a discretionary power. *Lewis* v. *Hawley*, 1 Conn.,

49 ; *White* v. *Trinity Church*, 5 id., 187 ; *Merriam* v. *Langdon*, 10 id., 460 ; *Husted* v. *Greenwich*, 11 id., 386 ; *State* v. *Rowley*, 12 id., 106 ; *Taylor* v. *Keeler*, 30 id., 324, 328. The proceeding of habeas corpus is a summary one, not to be delayed and embarrassed by the ordinary incidents of litigation. Even the legislature can not restrain the process. The constitution of this State and that of the United States secure it. The cases that have gone into the supreme courts of the different states and been reported, went up by reservation for advice or under some statute. All the cases in our own state went up in that way. It is therefore, we contend, a proceeding to which a writ of error is not applicable. *Magill* v. *Lyman*, 6 Conn., 59 ; *Lyman* v. *Magill*, id., 69 ; *Wyeth* v. *Richardson*, 10 Gray, 240, 241 ; *Howe* v. *The State*, 9 Misso., 690 ; *Bell* v. *The State*, 4 Gill, 301 ; *Ex parte Mitchell*, 1 Louis. Ann. R., 413 ; *Russell* v. *Commonwealth*, 1 Penn. & Watts., 82 ; *Jones* v. *Timberlake*, 6 Rand., 678 ; *Crispin* v. *Jones*, 3 Serg. & R., 167 ; *Wade* v. *Judge*, 5 Ala., 130 ; *Steele* v. *Shirley*, 9 Sm. & Marsh., 382.

Park, J. The judge of probate for the district of Enfield appointed the respondent guardian of the minor children before the present proceeding was instituted, and it is difficult to see why he is not entitled to their custody. It is provided by statute that " the courts of probate in their respective districts shall have power to appoint guardians to all minors, under the age for choosing guardians, who have no father, guardian or master." These children are under the age for choosing a guardian and have no father or master, and unless the relator can make it appear that they have a guardian within the meaning of the statute, it follows that the court of probate had authority to appoint the respondent.

It is said that the mother of these children was their natural guardian when the appointment of the respondent was made ; but it is clear that the statute has reference to a guardian appointed by the court of probate, for if the word " guardian," as used in the statute, was intended to embrace all kinds of guardians at the common law, there was no

necessity for its using the expression "no father," for it is every where held that a father is the natural guardian of his minor children.

This view of the statute was taken by the court in the following cases. *Penfield* v. *Savage*, 2 Conn., 386 ; *Kline* v. *Beebe*, 6 id., 494 ; · *Selden's Appeal from Probate*, 31 id., 548 ; 1 Swift·Dig., 48.

It will be conceded that a guardian duly appointed is *in loco parentis*, and is entitled to the custody of his ward. Rev. Stat., 1866, p. 88 ; 1 Swift Dig., 48 ; *Penfield* v. *Savage*, supra ; *Kline* v. *Beebe*, supra ; *Selden's Appeal from Probate*, supra ; *Holyoke* v. *Haskins*, 5 Pick., 26 ; *Commonwealth* v. *Hammond*, 10 id., 274 ; *Commonwealth* v. *Aves*, 18 id., 225 ; *Commonwealth* v. *Taylor*, 3 Met., 72 ; 1 Bla. Com., 460 ; *King* v. *Isley*, 5 Ad. & El., 447. A recent case in Massachusetts, ( *Curtis* v. *Curtis*, 5 Gray, 535,) is similar in all essential particulars to the one in question, with the exception that in that case the proceeding was brought against the mother of the minor. The court held that the mother was either bound by the contract she had made, or was estopped from claiming the custody of the minor ; and the minor was consequently discharged. We do not place the decision of this case upon the same ground, although it would seem to follow that if the mother in that case was estopped by the contract she had made from setting up her right to the custody of the minor, the same result would follow in the case under consideration. We place our decision upon the ground that whatever may be the right of the mother to the custody of these children, they are by the statute subordinate to those of a legally appointed guardian.

It is further claimed by the relator that the decision of the court was founded upon discretion, and is not therefore the subject of review. It is true that in cases of this description the interest of minors is to be regarded, and in certain extreme cases it may be that the court has the discretionary power to act or not; but there is no law or practice that will justify a court in taking a ward from the care and custody of his legally appointed guardian, where his wants are carefully

Macready *v.* Wilcox.

provided for, and bestow such custody upon one who has at most an inferior right to it.

It is further claimed that cases of this description are not the subject of review, from the fact that the delay occasioned thereby is in conflict with the spirit of the provision of the constitution of the United States which declares that " the privilege of the writ of habeas corpus shall not be suspended unless when in case of rebellion or invasion the public safety may require it."   The language is, " the privilege of the writ shall not be suspended," that is, the right to the writ, the privilege of having it issued, and the case heard and determined, shall not be suspended.   The constitution has reference to a state of things in which the courts of the state, and its judges in vacation, have no power to apply the remedy of habeas corpus, for its operation is suspended, is in abeyance, so to speak, and the citizens of the state therefore can not resort to this mode of testing the legality of imprisonment when they are subjected to it.   It has no reference to reasonable delay that may be occasioned in the disposition of such cases.   It might be urged with more propriety that the law authorizing a review of other cases tried in the court below, is in conflict with another provision of the constitution, that declares that " right and justice shall be administered without delay."

We think there is manifest error in the judgment complained of.

In this opinion the other judges concurred; except CAR-PENTER, J., who having tried the case in the court below did not sit.