STATE OF CONNECTICUT EX REL. MINNIE BONOFF,
ADMINISTRATRIX, *vs.* CYRUS D. EVARTS,
JUDGE OF PROBATE.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued April 5th—decided May 10th, 1932.

*John V. O'Brien,* for the appellant (the respondent).

*William J. Carrig,* for the appellee (the relator).

MALTBIE, C. J. This is an appeal from a judgment directing the issuance of a peremptory writ of mandamus to the defendant, as judge of the Court of Probate for the district of Madison, ordering him to hold a hearing and take action upon an account filed by Minnie Bonoff as administratrix of the estate of

Charles Bonoff. The only claims of error have to do with procedural matters. The petition stated that it was brought by the State's Attorney for New Haven County at the relation of Minnie Bonoff, without designating her as administratrix of the estate, but the allegations made recite that she is administratrix, it was perfectly evident that the petition was brought in her behalf as such administratrix, and the objection was too technical to merit attention. The motion to quash based upon this defect was properly denied. The allegation in the petition which stated, as the reason for the failure of the judge of probate to act upon the account, his insistence that the administratrix first pay a claim against the estate which she believed to be unjust and improper, while not a necessary statement, was not so irrelevant or immaterial that the trial court might not in its discretion properly deny the motion to expunge it. *Donovan* v. *Davis,* 85 Conn. 394, 398, 82 Atl. 1025.

The alternative writ issued November 17th, 1931, and directed the defendant to act upon the account or show cause to the contrary on the first Tuesday of December following, which was December 1st. On the day before, the defendant filed a motion to quash, which on December 1st the court denied. On December 3d the defendant was ordered to file a return the next day but instead filed the motion to expunge and claimed it for the short calendar, which would postpone the hearing upon it for a week, and orally moved for such a postponement. The court on the same day denied the motion and ordered a return or other pleading to be filed on or before the 8th. The defendant claims that in this speedy disposition of the matter the trial court violated the rules of the Superior Court concerning the hearing of matters claimed for the short calendar and fixing the times within which

pleadings are to be filed. The rule as to placing motions upon the short calendar permits the trial court to order otherwise. Practice Book, p. 243, § 15. The rules fixing the times for filing pleadings apply "in ordinary civil actions." Practice Book, p. 277. They were adopted in pursuance of the authority conferred by § 5359 of the General Statutes. The following section, § 5360, gives the judges of the Superior Court authority to make rules concerning certain extraordinary proceedings, including mandamus, but as to that action the power has never been exercised. No injustice appears to have been done by the efforts of the trial court to bring the proceedings to a speedy termination, it violated no rule of court, and its action is to be commended rather than condemned.

After the denial of its motion to expunge, the defendant filed no further pleading and judgment was given for the plaintiff that the peremptory writ issue and she recover her costs. No costs were recoverable in mandamus at common law; *State ex rel. Foote* v. *Bartholomew,* 111 Conn. 427, 431, 150 Atl. 308; and the statute allows them only when a return has been made and a hearing had. General Statutes, § 5913. The judgment is erroneous to the extent that it provides for the recovery of costs by the plaintiff.

Final judgment was entered December 9th and a peremptory writ of mandamus was immediately issued, directing the defendant to act upon the administratrix's account on or before December 16th. Section 19A of the Rules for Appellate Procedure provides that in all civil actions execution shall be stayed for two weeks after final judgment and if an appeal is filed, then until the final determination of the cause; but if the judge trying the action is of the opinion that the appeal is taken only for delay or that the due administration of justice requires, he may on motion and

hearing order execution to issue at any time. The purpose of the stay provided in this rule is to hold the case in statu quo pending the time allowed for an appeal and it applies not only to executions in the strict meaning of the term but also to other writs serving a like purpose, such as a peremptory writ of mandamus. *Grelle* v. *Pinney,* 62 Conn. 478, 488, 26 Atl. 1106. As the trial court did not find that the immediate issuance of the writ was necessary to the due administration of justice, it should not have been issued until two weeks after final judgment. However, as a new judgment must be rendered in any event, this defect in procedure is not of immediate moment.

There is error, the judgment is set aside and the case remanded with direction to enter judgment for the plaintiff without costs.

In this opinion the other judges concurred.