## WILLIAM MOULTHROP
*vs.*
## RALPH H. WALKER, WARDEN

Superior Court          Hartford County          File No. 66606

MEMORANDUM FILED JANUARY 19, 1942.

*Johnson Stoddard,* of Bridgeport, for the Plaintiff.

*Otto J. Saur,* Assistant State's Attorney, for the Defendant.

DICKENSON, J. Judgment in this action was based upon an interpretation of certain statutes contrary to their interpretation by the defendant over a long period of years and may affect the terms of a considerable number of prisoners in the State Prison. That in itself is not a reason for denying the present motion to order a release of the plaintiff, but is sufficient assurance that the appeal which has been taken from that judgment is not for the purpose of delay. The facts in the case were agreed to and the question decided was one entirely of law. As to facts the finding of the court is presumably conclusive but as to law its rulings are in effect vacated by appeal. That there is a right to review in a habeas corpus proceeding is not and cannot be disputed.

(*Macready vs. Wilcox,* 33 Conn. 321; *Conn. Appellate Procedure,* §2.) And the same decision (contrary to the claim of the plaintiff in his brief), is authority for a stay of execution so far as this court is concerned. For it is therein stated that the constitutional provision that the "privilege of the writ shall not be suspended" means "the privilege of having it issued, and the case heard and determined, shall not be suspended," and that "it has no reference to reasonable delay" for purposes of review.

In *Winnick vs. Reilly,* 100 Conn. 291, the Supreme Court has emphasized the fact (p. 297) that it "has a supreme and final jurisdiction in determining in the last resort the principles of law in the trial of causes" and quotes from an earlier case, *State vs. Vaughan,* 71 Conn. 457, "that where, as in this State, a review of the judgment by a Court of Errors is a matter of right, there must be power in the courts to stay execution...."

Further the provision in section 366 of the Practice Book (1934) providing that such a stay applies to judgments "requiring the performance of an act", while quite likely, as the plaintiff suggests, had its origin in *State ex rel. Bonoff vs. Evarts,* 115 Conn. 98, a mandamus action, nevertheless seems broad enough to embrace habeas corpus judgments which direct either that the plaintiff be returned to the custody of the respondent or that the respondent release him from custody.

As the plaintiff contends, there is authority in other jurisdictions for the position that there may be no stay of execution on appeal from habeas corpus judgments (Anno. 63 A.L.R. 1458) on constitutional grounds, but the matter appears to have been decided to the contrary in this jurisdiction and this court must follow that lead.

Treating the present motion for order of release to include a prayer to set aside the supersedeas under section 366, *supra,* it is held that the section applies, and is found that the appeal was not taken for the purpose of delay and that the due administration of justice does not require execution to issue at this time.

The motion is therefore denied.