## THOMAS H. BARBER v. ETHEL C. BARBER

SUPERIOR COURT      WINDHAM COUNTY      FILE No. 9075

Memorandum filed January 14, 1948.

*Pullman* and *Comley*, of Bridgeport, for the Plaintiff.

*Curtis, Trevethan* and *Gerety,* of Bridgeport, for the Defendant.

KING, J. This is a rule to show cause why the defendant should not be adjudged in contempt for disobedience to a judgment rendered on December 24, 1947, in a habeas corpus proceeding, brought by the plaintiff husband against the defendant wife, involving the custody of the minor child of the parties, John Thompson Barber. Judgment was rendered in favor of the plaintiff ordering the defendant to return the minor child to him.

The defendant duly filed an appeal to the Supreme Court of Errors on January 5, 1948. She has failed to carry out the mandate of the judgment, admittedly has retained custody of the child, and in reply to this rule to show cause why she should not be held in contempt, justifies her action on the ground that the appeal operated as an automatic stay of the operative effect of the judgment under the provisions of Practice Book, § 366.

The enforcement of a judgment in habeas corpus of course involves no execution (either in the sense of, a writ or of a procedure of levy on the defendant's assets), as the term is used in chapter 299 of the general statutes. *Ferrie* v. *Trentini,* 111 Conn. 243, 252. The plaintff argues from this that Practice Book, § 366, has no application to a habeas corpus judgment

since no execution, as the term is used in chapter 299, is involved. It is difficult to find any reason for the last clause in the last sentence of Practice Book, § 366, if this contention is sound, since such an execution is not involved except in actions claiming a money judgment. It is never used to obtain execution of a judgment "requiring the performance of an act."

Furthermore, the logical conclusion to which this reasoning as to the construction of Practice Book, § 366, necessarily leads is that there can be no stay of execution pending appeals except in actions for money judgments. This must be so since there is no other method provided by law for such a stay of execution. That this result is erroneous can be established not only by the wording of the last clause in the last sentence of Practice Book, § 366, but also by precedent in cases where no execution in the "levy" sense was possible. *Macready* v. *Wilcox*, 33 Conn. 321, 328 (habeas corpus); *State ex rel. Bonoff*, v. *Evarts*, 115 Conn. 98, 101 (mandamus); *Grelle* v. *Pinney*, 62 Conn. 478, 488 (application to a judge for a certificate of election).

The plaintiff points to General Statutes §§ 5903 and 5904, relating to the stay of execution pending appeal in certain injunction situations, as indicating that Practice Book § 366, applies only to judgments involving execution in the levy sense. There is no inconsistency between either of these sections and the last clause of the last sentence of § 366. General Statutes, § 5903, applies only to temporary injunctions (in actions where, after a trial on the merits, a permanent injunction was denied), which, at least under all ordinary circumstances, are not final judgments such that any appeal lies from them. *Olcott* v. *Pendleton*, 128 Conn. 292, 294. The purpose of § 5903 is to insure the maintenance of the status quo pending determination of the appeal by providing that the temporary injunction shall stand even though a permanent injunction has been denied. Section 5904 refers only to mandatory injunctions (in actions where, after a trial on the merits, a permanent injunction was ordered), and, for exactly the same purpose of maintaining the status quo pending the determination of the appeal, properly prescribes an exactly opposite rule from that of § 5903 as to the burden of proof in the ordering of a stay of execution pending the appeal. Both statutes are fair, reasonable and needed in view of the peculiar character of the injunctive procedure involved. See *Olcott* v. *Pendleton, supra*, 295. Practice Book, § 366, does not cover the ground of General Statutes, § 5904,

and is inapplicable to the situation dealt with in § 5903. The enactment of these two statutes as to injunctions reflects credit on the legislative process. There is no conflict between either of them and Practice Book, § 366.

The precise question here presented was passed upon adverse-ly to the plaintiff's contention in *Moulthrop* v. *Walker*, 12 Conn. Sup. 35. There is really no occasion here for doing more than to refer to the excellent memorandum in that case. How-ever, the plaintiff is so insistent, that a few more reasons in support of the *Moulthrop* decision than appear in the memoran-dum may be noted.

In our statutes and judicial opinions the word "execution" is frequently used in the sense of "the putting into effect." This is a much broader meaning of the word than the technical document or writ of execution referred to in General Statutes § 5782, or the procedure of levy on the defendant's assets to obtain satisfaction of judgment referred to in chapter 299 of the General Statutes entitled "Executions." In this broader sense is the term necessarily used in Cum. Sup. 1945, § 1017h, relating to a stay of execution of a criminal judgment pending appeal, since a "mittimus," as distinguished from an "execu-tion," is used in the putting into effect of a criminal judgment. General Statutes § 6495. See, also, §§ 5700, 6487, 6492, 6493 and 6503, as amended; *State* v. *Vaughan*, 71 Conn. 457, 459; *State* v. *Rubaka*, 82 Conn. 59, 68.

Practically the identical language now found in the last sen-tence of Practice Book § 366, is found in its precursor, § 17 (p. 311) of the Practice Book of 1922. There is nothing new or novel about the section and it has existed since long before the present appellate procedure was established by rule of court in 1929, pursuant to chapter 295 of the General Statutes.

The plaintiff's further claim that Practice Book § 366, has no application to habeas corpus or any of the "special proceedings" to which certain sections of the Practice Act were, by General Statutes § 5535, made inapplicable is also without merit. The listed sections have nothing to do with appellate procedure al-though they include sections of the statutes numerically prior and subsequent to those included in chapter 295 of the General Statutes governing appeals. *Macready* v. *Wilcox*, 33 Conn. 321, 328. Section 5689 provides that the right of appeal shall exist

in all poceedings except a review of an original judgment of summary process, which must be by writ of error. *Webb* v. *Ambler,* 125 Conn. 543, 546.

The additional claim that the povisions of General Statutes, §5897, providing for a "summary" determination of the issues of fact and law in a habeas corpus proceeding preclude any right of appeal, or the stay of execution under Practice Book, § 366, pending an appeal, is also without merit. *Hogewoning* v. *Hogewoning,* 117 Conn. 264, 265; *Macready* v. *Wilcox,* supra, 329

It is further claimed that in a habeas corpus action the third person involved is a "ward of the court" or "in custodia legis." This appears to be the law of Connecticut. *Cinque* v. *Boyd,* 99 Conn. 70, 92. However, this would not abridge or set at naught the right to, or the rules governing, a review by the Supreme Court of Errors, where (as in Connecticut) they apply to all proceedings not particularly excepted under General Statutes, § 5689. *Macready* v. *Wilcox, supra,* 329; *Winnick* v. *Reilly,* 100 Conn. 291, 297. Cases from other jurisdictions have little persuasive force since we no longer have a common-law system of appellate review but a review in accordance with our own particular statutes and rules of court which necessarily have no exact counterpart elsewhere. Such cases as to the effect of an appeal on habeas corpus judgments in general are collected in 63 A. L. R. 1460 and 143 A. L. R. 1354, and, where the habeas corpus involved the custody of an infant, in 63 A. L. R. 1482 and 143 A. L. R. 1358.

Our particular rule (Practice Book § 366) provides a fair method of procedure in a situation such as exists here. If the judge who heard and decided the case finds, after notice and hearing, that the appeal is taken only for delay or that the due administration of justice requires it, he may order execution of the judgment. Ordinarily, he alone has the knowledge of the case necessary fairly to make such a determination.

The defendant, having admittedly duly appealed, is not at the present time in contempt of the judgment since its effectiveness is suspended by the appeal unless, and until, procedure taken under § 366 results in the ordering of execution of the judgment.

For the foregoing reasons the application that the defendant be adjudged in contempt is denied and dismissed. Of course this decision in no way precludes a further application that the

defendant be adjudged in contempt (if necessary) if and after an order for execution of the judgment shall have been duly entered under Practice Book § 366.