[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR CONTEMPT
On August 7, 1992 this court issued a permanent prohibitory injunction as follows: CT Page 7133
"Defendant shall cease all quarrying activity including but not limited to blasting and rock removal the Corporation's property within ten (10) days after Plaintiff's plan of development for a technology park development is approved by the appropriate authority of the Town of Plainville."
The approval mentioned had already occurred, thus without a stay the injunction was binding on defendants. Defendants have filed a valid appeal.
The defendants have continued their quarrying contrary to the injunction of August 7, 1992.
Law
There can be contempt of only an active order. If the order is hibernating by virtue of a stay it is not presently enforceable and actions taken which are forbidden by the order may not be punished. Our sole question is, has the filing of the appeal automatically stayed the court's power to enforce the injunction?
I. P.B. 4046
Our practice book rule in regard to "automatic stays" in general is as follows:
Sec. 4046. — In General
 In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause, and, if the case goes to judgment on appeal, until ten days after the decision is announced; but if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for delay or that the due administration of justice so requires that a judge may at any time, upon motion and hearing, order that the stay be terminated. This section shall not apply to actions CT Page 7134 concerning attorneys pursuant to chapter 2, to periodic alimony and support orders, as well as to custody or visitation orders in domestic relations matters brought pursuant to chapter 17, to criminal matters brought pursuant to chapters 22 through 30 or to juvenile matters brought pursuant to chapters 31 through 40 other than any transfer orders to the regular criminal docket.
 A motion to terminate the stay of execution may be filed before judgment; if it is, it may be ruled upon when judgment is entered. If such a motion is filed before the judgment, or after judgment but before an appeal, it shall be filed in triplicate with the clerk of the superior court. If it is filed after the appeal is filed, an original and three copies shall be filed with the appellate clerk and forwarded to the judge who tried the case and that judge shall file any ruling thereon with the appellate clerk and with the clerk of the trial court wherein the matter was tried. If the judge who tried the case is unavailable, the motion shall be forwarded to the clerk of the court in the judicial district where the case was tried, and shall be assigned for a hearing and decision to any judge of the superior court.
Any proceedings to enforce or carry out a judgment are "automatically stayed until the time to take an appeal has expired" except where otherwise provided by statute or other law. id. That stay continues in effect upon the taking of the appeal. Northeastern Gas Transmission Co. v. Benedict,139 Conn. 36, 38. The question thus becomes, is a prohibitory injunction stayed under that section or is it included in the exception language?
In our 1934 practice book 366 stays of execution in civil actions were provided for, under appropriate circumstances, from the time of judgment "until the final determination of the cause." But such stays only applied "to every judgment in a civil action providing for the recovery of damages or requiring the performance of an act." The court concludes that a judgment "requiring the performance of an act" includes a mandatory injunction. CT Page 7135
In our 1951 practice book 411 stays of execution were again provided for in "actions not criminal", under appropriate circumstances, "until the final determination of the cause." But in this 1951 section there was no limiting language about either damages or the performance of an act. The rule in our 1961 practice book, 661 and 662, is to the same effect.
Our present practice book 4046 at first blush would appear to provide a stay in all cases in which an appeal is taken but the first sentence does have limiting language for situations providing "otherwise . . . by statute or other law." In addition, 4047 recognizes that there are situations where the automatic provisions of 4046 "are not applicable."
II. C.G.S. 52-477
In Hartford Federal Savings Loan Assn. v. Tucker,192 Conn. 1, 7, the court stated ". . . injunctions continue in effect pending appeal unless the trial court, upon application orders their stay. General Statutes 52-477."
If we look at the predecessors of that section we see in the title to the C.G.S. of 1949 and 1930 that there is no question that at one time the statutory law distinguished between mandatory injunctions and others in regard to stays of execution. 1949 C.G.S. 8213; 1930 C.G.S. 5904. Our 1993 C.G.S. revision in 52-477 no longer uses the word "mandatory" in the title but the language requiring an application to stay the execution of an injunction ordering the performance of an act, is the functional equivalent of the language in the 1949 and 1930 statutes i.e., "judgment has been rendered for a permanent injunction ordering either party to perform any act."
When we look at some of the past cases we see that the question of a stay of execution of a prohibatory injunction is sometimes never even raised e.g., Olcott v. Pendleton,128 Conn. 292.[1]
In the analogous area of writs of mandamus the court has ruled that a writ ordering an act is stayed. State ex rel Bonoff v. Evarts, 115 Conn. 98 (ordering the holding of a hearing). CT Page 7136
Again, in habeas corpus matters ordering action stays are automatic. Barber v. Barber, 15 Conn. Sup. 271 (ordering the return of a child); Moulthrop v. Walker, 12 Conn. Sup. 35
(ordering release of prisoner). As the court said in State ex rel Bonoff v. Evarts, supra 102, "The purpose of the stay provided in this rule is to hold the status quo pending the time allowed for an appeal and it applies not only to executions in the strict meaning of the term but also to other writs serving a like purpose . . ." This court interprets that to prevent action by the execution of a judgment. Here, we are doing the same — preventing action.
No automatic stay is effective for permanent prohibitory injunctions such as this.
The defendants are in contempt and are fined $100 per day from August 28, 1992 to December 14, 1992 and $200 per day from December 15, 1992 to date.
In the event that defendants continue their quarrying activities they shall pay the sum of $2,000 per day until such activities shall permanently cease.
N. O'Neill, J.