## SPANGLER v. SOUTHEASTERN GREY-HOUND LINES et al.

### Civ. No. 1434.

United States District Court
E. D. Tennessee, S. D.
Sept. 11, 1950.

Raymond Graham, Chattanooga, Tenn., Paul A. Swafford, Jasper, Tenn., for plaintiff.

Strang, Fletcher & Carriger, Chattanooga, Tenn., for defendants.

DARR, Chief Judge.

An application by motion to prevent the taking of certain depositions has been presented by plaintiff.

The questions presented are of grave concern for the Court is always anxious that every litigant have full opportunity to present all available material evidence. On the other hand, the adverse party is entitled to consideration for a hearing of the case and a compliance with orderly procedure.

The defendants are given the right to take the depositions requested under ordinary circumstances as the witnesses do not live in the district and reside more than 100 miles from the place of trial. Rule 45 (e) (1), F.R.C.P., 28 U.S.C.A. Also, under like circumstances, the defendants are given the right to take the discovery depositions. Rule 26, F.R.C.P.

The taking of such depositions shall be upon "reasonable notice in writing". Rule 30(a), F.R.C.P.

This case was originally assigned for July 3, 1950 and reassigned by request of the defendant without objection from the plaintiff to September 14, 1950. The notice to take the deposition of the witness in Manassas, Virginia, is dated September 2, 1950, but filed September 5, 1950. Notice to take the deposition of the witness in New York City is dated September 6, 1950. The notices to take the depositions of witnesses for discovery are dated, respectively, September 6, 1950 and September 9, 1950.

Concerning the depositions to be used as evidence, the Court has considered the closeness of the dates of notice to the time of trial and the distances the witnesses reside from the place of trial and has reached the conclusion that the notice was not reasonable as to time. Likewise the notices for the taking of the depositions for discovery were not reasonable considering the short time between such notice and the taking of depositions to the trial date. There is not only the question for reasonable notice for the plaintiff to appear for cross-examination in the taking of depositions, but there is for consideration the closeness of the time of the taking of depositions to the trial date.

Upon the whole I conceive it to be the duty of the Court to sustain the motion. However, sustaining the motion will have modification to the effect that the deposition of the Manassas, Virginia witness has been taken and may be filed but not used in proof. Likewise the defendants may proceed to take the deposition of the New York wit-

ness under the same conditions. This is done for the reason that the court will ultimately desire to know the situation should there be an adverse verdict for the defendants whereby any possible injustice may be corrected and also should there be an appeal, the appellate court would be in a position to determine whether the Court's ruling herein may be correct.

So that the parties may have immediate notice, the Clerk is asked to have the Marshal deliver immediately to the attorneys for the parties a copy of this memorandum.

Order accordingly.