**Edward GOODWIN, Helen Brogna,**

v.

**CITY OF BOSTON, Francis Roache, etc., Joseph Quinn, etc., John Doe Krozinowski, etc., et al.**

**Civ. A. No. 87–0521–T.**

United States District Court, D. Massachusetts.

Feb. 4, 1988.

Dennis J. Calcagno, David Ribak, Quincy, Mass., Robert L. Hernandez, Malden, Mass., for plaintiffs.

Michael C. Bolden, Asst. Corp. Counsel, Boston, Mass., for defendants.

### ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS (# 55)

ROBERT B. COLLINGS, United States Magistrate.

The facts respecting Plaintiffs' Motion For Sanctions (# 55) are that on December 4, 1987, plaintiffs noticed the deposition of

Police Commissioner Roache for January 4, 1988. Five days later, the defendant filed Defendants' Motion To Quash Plaintiffs' Notice Of Deposition (# 37) to Commissioner Roache. On December 29, 1987, defendants filed Defendant City Of Boston's Motion For Protective Order To Stay Discovery Of The Plaintiffs (# 47) which sought an order that the plaintiffs not be permitted to take any further discovery; such an order would have precluded the deposition of Commissioner Roache on January 4, 1988.

The Court did not rule on the motions before January 4, 1988 not only because of the press of other business but also because neither counsel alerted the Court that a decision on the motions had to be made by January 4. On January 4, the two plaintiffs took the day off from work to attend the deposition and plaintiffs' counsel appeared together with a stenographer. Neither Commissioner Roache nor defendants' counsel appeared taking the position that neither would appear until the Court ruled on the motions. Plaintiffs seek $100 for the stenographer's cancellation fee, $204.00 in attorney's fees and $363.46 as wages which the plaintiffs' lost by taking the day off for a total of $667.4.

On the law, the plaintiffs are correct. The filing of a motion to quash or a motion for protective order does not automatically operate to stay a deposition or other discovery. When it appears that a Court is not going to be able to decide a motion to quash or a motion for protective order before the date set for a deposition, counsel for the movant should contact counsel for the party noticing the deposition and attempt to reach an agreement staying the deposition until after the Court acts on the motion to quash and/or the motion for a protective order. If agreement cannot be reached, it is incumbent on counsel for the movant to file a motion to stay the deposition until the Court acts on the motion to quash and/or for a protective order and to alert the clerk to the need for immediate action on the motion to stay.

Having said this, I do not think that counsel for the plaintiffs is entirely without blame in this matter. In the circumstances, it seems rather imprudent not to have called counsel for the defendants before going ahead with the deposition and having the plaintiffs take off from work to attend.

Accordingly, I shall require counsel for the defendants to pay the $100 cancellation fee but shall require them to pay only $50 toward plaintiffs' counsel's attorney's fees. I shall not require defendants to pay plaintiffs' lost wages.

Accordingly, it is ORDERED that Plaintiffs' Motion For Sanctions Under Fed.R. Civ.P. 37(d) (# 55) be, and the same hereby is, ALLOWED only to the extent that the defendant City of Boston is ORDERED to pay to counsel for the plaintiffs the sum of one-hundred fifty dollars ($150.00) *on or before the close of business on Monday, February 29, 1988* as partial reimbursement for costs and attorney's fees incurred by reason of Commissioner Roache's failure to appear for his deposition on January 4, 1988.