[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SANCTIONS(NO. 114)
The plaintiff has moved for sanctions pursuant to Practice Book § 231 for failure of the defendant to appear and testify at his deposition duly noticed on August 31, 1994 to be held on September 9, 1994 and for which no objection was filed by the defendant. Defendant's counsel informed plaintiff's counsel that defendant would not appear until the deposition of the plaintiff had been completed.
The plaintiff also seeks sanctions for failure of defendant's counsel to appear for a status conference on September 13 when this case was on the limited contested list and which required the plaintiff to spend an additional one hour in court.
The question raised by the plaintiff's first claim involves an interpretation of the provisions of § 244 of the Practice Book. That provision of our rules of practice contains no notation that the party first embarking upon the deposition of a party has the right to proceed until the other party's deposition is completed. This, however, has long been the practice probably because that was the rule under Federal Rule of Civil Procedure 26 prior to its amendment in 1970. It was usually held that depositions would be taken in the order in which they were noticed, the party having first sought an examination being entitled first to have his or her examination and then the other party to follow. 4 Moore's Federal Practice, ¶ 26.80, 506 (2d Ed.). This was not, however, an inflexible rule.
Subparagraph (d) of Rule 26 of the Federal Rules of Civil Procedure was added by the 1970 amendments to the discovery rules. Subparagraph (d) provided that discovery, regardless of the device employed, should proceed concurrently unless the court, on motion, otherwise limited. 4 Moore's Federal Practice ¶ 26.80, 512 (2d Ed.). CT Page 10918
The following from Callaghan, Encyclopedia of FederalPractice best sets forth the federal rule:
 "Under the Rules of Civil Procedure, a defendant has no right to priority or advantage as to the order of taking of depositions. Nor has a plaintiff by virtue of his status as such any right of priority in the taking of a deposition.
 A priority rule that was followed by some courts, which conferred priority in the taking of a deposition on the party who first served notice of taking the deposition, has proved unsatisfactory and unfair in its operation. Under this rule, the party who served his notice first was entitled to priority, even though the notice served later specified an earlier time for examination, and in the absence of unusual circumstances depositions would be taken in the order in which the notices were served.
 Rule 26(d) eliminates any fixed priority in the order of taking depositions, and in the sequence of discovery generally, but makes clear the power of the court to establish priority upon motion and by order in a particular case."
7 Callaghan, Cyclopedia of Federal Procedure, § 25.219 (3d Ed.); see Advisory Committee's Note to Rule 26(d), Rules of Civil Procedure, 13 Fed. Rules Serv.2d XXIX, xlii.
Our deposition rules are patterned after the federal rules of civil procedure. See Cohn v. Cohn, 225 Conn. 666, 688 (dissenting opinion Berdon, J.) (1993). There has been no decision on this issue in the State of Connecticut. In such situations when it comes to interpretation of our rules of discovery, our court's have looked to the federal rules. This court shall do likewise and rules that one party's initiation of discovery should not wait upon the other's completion. The parties should proceed on an equal footing, or, as has been often stated, on a level playing field. It is true that there are arguments pro and con upon this issue. The consensus, however, is that the number of cases hurt CT Page 10919 by this rule is de minimis.
Since the rule enunciated by defendant's counsel has, as previously noted, long been the practice, the court is not allowing sanctions to plaintiff's counsel.
On the question of sanctions for defendant's counsel's failure to appear for the status conference scheduled for September 13, 1994, this was not argued by the parties at the time of the argument of the motion. Plaintiff's counsel's request for sanctions was first made on the calendar call on September 13. I am unaware of defendant's counsel's position regarding this issue. The motion for sanctions on this issue is, therefore, denied without prejudice to plaintiff's counsel's renewal of this request by motion or at the time of final hearing on the issue of counsel fees.
EDGAR W. BASSICK, III, JUDGE