[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEPOSITION AND PROTECTIVE ORDER
The plaintiff instituted the present action seeking to recover for personal injuries claimed to have been sustained when a tire exploded. The defendants deposed the plaintiff's witness, Michael E. Shanok. Shanok admitted that he relied on the information received from a conversation he had with Phillip F. Murray in retesting the tire and reaching his final conclusions. The defendants filed an application to take Murray's deposition. On March 1, 1996, the plaintiff filed a motion for a protective order precluding the defendants from taking Murray's deposition. CT Page 4034-XX
Although Practice Book § 220(B) allows discovery of "facts known or opinions held by an expert who had been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial," Murray has not been retained as an expert by the plaintiff. Nevertheless, a party has the right to investigate the factual basis of any opinions expressed by an expert and to depose nonparty witnesses. See Cahn v. Cahn,225 Conn. 666, 668, 626 A.2d 296 (1993). This rule commonly results in the court ordering disclosure of documents and reports upon which an expert relied. See e.g., Murchie v. Hurwitz, Superior Court, of Stamford, Docket No. 95623 (April 8, 1992, Rush, J.,6 Conn. L. Rptr. 300, 301), citing Boring v. Keller, 97 F.R.D. 404,407-08 (D.C. Col. 1983).
In this matter, the plaintiff's expert relied upon statements made to him in a conversation, and not a document or report. To sufficiently obtain the information the expert relied upon, the CT Page 4035 defendants are entitled to depose Murray regarding the methodology he explained to the plaintiff's expert. See Matter ofInterco. Inc., 146 B.R. 447, 450 (Bkrtcy. W.D.Mo. 1992). Accordingly, the court denies the plaintiff's motion for protective order.
FORD, JUDGE