[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTIONS FOR PROTECTIVE ORDER AND/OR TO QUASH
From a reading of the pleadings in this matter, it seems clear that a principal issue in this case concerns various business negotiations among the parties and the plaintiff's predecessors. Presumably in an effort to discover exhaustive details of the negotiations and agreements, the defendant has issued subpoenas for the depositions of several of the lawyers apparently involved in the process. The named plaintiff has filed a motion for a protective order and/or to quash such a subpoena served on an attorney who apparently had had some involvement with the matter; she apparently is now practicing in a different field of practice. The Federal Deposit Insurance Corporation has, through counsel made a similar motion on behalf of two of its attorneys and an account officer whose depositions have been noticed.
The FDIC's motion seeks a protective order to the effect that the subject matters of work product, matters prepared in anticipation of litigation, matter of privileged attorney-client communications and "privileged deliberative processes" not be inquired into. The FDIC cites the cases of Cahn v. Cahn,225 Conn. 666, 672 (1993), and Pavlinko v. Yale New Haven Hospital,192 Conn. 138 (1984) for the proposition that a witness at a deposition must answer all questions propounded at a deposition unless, prior to the deposition, the witness has requested a protective order that [s]he not be required to answer a certain sort of question.
Although, having read the cases cited, I understand the concern of the FDIC, I do not draw from them an absolute requirement to file protective orders before every deposition, or CT Page 2281 run the risk of being forever required to answer every question. I would confine Pavlinko to its rather unique facts, and the statement in Cahn, relying on Pavlinko, is dictum. As a matter of practice, it makes little sense to require litigants to procure protective orders before every deposition, and a litigant surely isn't required to anticipate at his peril every question which may be propounded. In addition, a court which is asked to rule on the propriety of an objection frequently needs to know the context in which the question is asked: ruling on evidentiary matters in a vacuum is nettlesome. Finally, premature rulings run the risk of not deciding the issues in any event: it is easy to imagine a situation in which a protective order would be granted, but arguments could be raised at the subsequent deposition as to whether the order applies to the specific questions asked.
As a general proposition, of course, the categories raised by the FDIC are privileged or otherwise protected, though in some instances the protection is qualified. For the time being, however, there is no context in which to rule. Should there be inquiry into privileged areas in the course of the depositions, or should any other legitimate issue in the nature of a privilege arise, counsel are free to state objections on the record, to instruct witnesses not to answer and to seek rulings, if appropriate and necessary.
The motion of the named plaintiff is slightly different: while it raises the same issues as the motion of the FDIC, it additionally requests that the deposition of the attorney not be held at all, at least until some preliminary showing is made to the effect that the deposition is necessary. The plaintiff cited Cahn as authority for that proposition, but I do not find that Cahn so holds. In the circumstances of this case, and in the absence of any other cited authority, I find that the deposition may proceed, subject, of course, to bona fide objections, as noted above.
The plaintiff's motion is, then, denied to the extent that it seeks to avoid the deposition altogether. As to other matters, and as to the FDIC's motion, I find that the requests are premature in the context of this case, and thus are denied, but without prejudice to restate these objections, or indeed any other bona fide objections, when issues may be ripe.
Beach, J. CT Page 2282