[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTIONS TO QUASH AND FOR PROTECTIVE ORDER NO. S 138, 140, 142
The plaintiff, Arnold Bonk, moves to quash three subpoenas to appear at a deposition and produce records directed at the plaintiff's wife, Helen Bonk; the plaintiff's accountant, David Zieff; and a securities firm used by the plaintiff, A.G. Edwards Sons, Inc. The plaintiff argues that the defendant is not entitled to information on the plaintiff's or his wife's assets and that the disclosure of such information would constitute an invasion of privacy. The defendant objects, arguing that the plaintiff has no standing to bring the motions. The defendant further argues that the materials requested to be produced are properly discoverable and relevant to his counterclaim.[1]
CT Page 9271
With regard to the issue of standing, the defendant argues that the plaintiff's counsel does not represent Helen Bonk, Zieff or A.G. Edwards Sons, Inc. and therefore cannot bring the motions. The defendant further argues that due to potential conflicts of interest, the plaintiff's counsel could not represent them.
"Practice Book § 221 [now Practice Book (1998 rev.) § 13-5] provides that `[u]pon motion by a party from whom discoveryis sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.' (Emphasis added.) Practice Book § 221. `This language indicates that a protective order functions only to protect a party from being deposed.' Cahn v. Cahn, 26 Conn. App. 720, 727, 603 A.2d 759
(1992), aff'd, 225 Conn. 666, 626 A.2d 296 (1993). Nevertheless, in Cahn v. Cahn, the Appellate Court determined that a motion for protective order filed by the plaintiff to prevent the deposition of three nonparty witnesses for the defendant, because of the undue burden on the plaintiff of having to attend the depositions in New York, was proper even in light of the language of Practice Book § 221. The court found that [t]he basis for the protective order in this case was to protect the plaintiff from the "undue burden" of having to attend a deposition in New York, which is a valid reason under Practice Book § 221. Although the discovery being sought by the defendant was not from the plaintiff, the protective order was necessary to protect a party's interest. Accordingly, the plaintiff properly filed a motion for a protective order, to prevent the defendant from conducting depositions of nonparty witnesses.' Cahn v. Cahn,supra, 26 Conn. App. 728. Similarly here, the plaintiff seeks to preclude the deposition of her employer, a nonparty witness, to protect herself from annoyance, embarrassment, or oppression — all valid reasons to seek a protective order under Practice Book § 221." Haefele v. Ford, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 058613, 21 CONN. L. RPTR. 230 (January 15, 1998) (Flynn, J.).
Thus, where a party seeks to protect itself from harm due to the subpoena of a non-party, it has standing to seek a protective order. Here, the plaintiff is seeking to obtain protection from the disclosure of his financial records as well as records pertaining to Helen Bonk, the defendant, and the partnership of the parties. The plaintiff has standing to seek a protective CT Page 9272 order as to his financial records; That the plaintiff does not, however, have standing to bring the present motions as they relate to financial records of others; the motions would have to be brought by those claiming invasion of privacy, for instance, by Helen Bonk to protect her financial information. Therefore, the motions to quash/for protective order are denied as to non-plaintiff financial records, that is Helen Bonk.
With regard to the plaintiff's financial records, "the granting or denial of a discovery request rests within the sound discretion of the trial court, yet this discretion is limited through the provisions of the rules pertaining to discovery, including the mandatory provision that discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of an action." Automation SystemsIntegration v. Autoswage-Products, Inc., Superior Court, judicial district of Waterbury, Docket No. 128808 (May 6, 1996) (Pellegrino, J.) (17 CONN. L. RPTR. 49, 50-51).
"The party seeking to bar a deposition must make a threshold showing that there is good cause' that the protective order issue." (Internal quotation marks omitted.) Sabanosh v. Durantt, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 054525, 21 CONN. L. RPTR. 213 (December 17, 1997) (Flynn, J.). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (Internal quotation marks omitted.) Rosado v. Bridgeport Roman CatholicDiocesan, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300272 (December 8, 1994) (Levin, J.).[2]
The court concludes that the plaintiff has failed to make the showing of good cause necessary to support his motions. The plaintiff's conclusory assertions that the defendant is not entitled to discovery and that the subpoenas constitute an invasion of privacy are insufficient. Moreover, the financial records of the plaintiff appear relevant to the defendant's counterclaim of misappropriation of funds and likely to be of assistance in pursuing this counterclaim. Accordingly, the plaintiff's motions to quash and for protective order are denied.
Skolnick, J.