[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court are the plaintiff's motion to quash and motion for protective order. The plaintiff argues that the defendant's notice of deposition is overly broad and seeks to impermissibly circumvent the discovery rules in that the information sought exceeds the scope of standard discovery under Practice Book §§ 13-6 and 13-7 and because the defendant has not obtained permission from the court to conduct this discovery. See Practice Book § 13-6(b). Accordingly, the plaintiff seeks a protective order prohibiting the defendant from obtaining the material and information sought under the subpoena because the information is beyond the scope of standard discovery under Practice Book § 13-6 and, further, may contain privileged information.
Practice Book § 13-6 sets forth a discovery structure which permits the service of written interrogatories. "In all personal injury actions alleging liability based on the operation or ownership of a motor vehicle or alleging liability based on the ownership, maintenance or control of real property, the interrogatories shall be limited to those set forth in Forms 106.10A, 106.10B and/or 106.10C of the rules of practice, unless upon motion, the judicial authority determines that such interrogatories
are inappropriate or inadequate in the particular action." (Emphasis added.) Practice Book § 13-6(b). "These have become known as the standard interrogatories." Caldwell v. Shelby Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 056454 (October 19, 1998, Flynn, J.) (23 Conn.L.Rptr. 302).
Interrogatories pursuant to Practice Book § 13-6 can only be directed to a "party" as that term is defined in Practice Book §13-1(2). See Practice Book § 13-6(a). Likewise, Practice Book §13-9 only authorizes requests for production and inspection to be directed at parties." Ms. Henderson, the deponent here, is not a "party" to this action.
Pursuant to § 13-26 of the Practice Book, however, "any person" may be deposed and a subpoena may command such person to bring documents or CT Page 8310 other tangible things to the deposition. See Practice Book § 13-28
(c). Thus there is a mechanism whereby a "party" can depose a non-party and, ancillary to that procedure, inspect documents and other tangible things in the non-party's possession. of course, the nonparty can object to the holding of the deposition, the production of documents or both. Practice Book § 13-28(d). Thus, the cardinal question is whether the plaintiff has standing to bring the motions now before the court.
Practice Book § 13-5 provides in pertinent part that "[u]pon motion by a party from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. A protective order, then, functions only to protect a party from being deposed. See Cahn v. Cahn, 26 Conn. App. 720. 727 (1992), aff'd,225 Conn. 666 (1993). "Nevertheless, in Cahn v. Cahn, the Appellate Court determined that a motion for protective order filed by the plaintiff to prevent the deposition of three nonparty witnesses for the defendant, because of the undue burden on the plaintiff of having to attend the depositions in New York, was proper even in light of the language of Practice Book [§ 13-5]." Bank v. Iaropoli, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341890 (July 27, 1998,Skolnick, J.) (22 Conn.L.Rptr. 445).
"Thus, where a party seeks to protect itself from harm due to the subpoena of a non-party, it has standing to seek a protective order." Id. Here, the plaintiff is seeking to obtain protection from the disclosure of his medical records. The plaintiff has standing to seek a protective order as to his medical records.
"With regard to the plaintiff's [medical] records, the granting or denial of a discovery request rests within the sound discretion of the trial court, yet this discretion is limited through the provisions of the rules pertaining to discovery, including the mandatory provision that discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of an action." (Internal quotation marks omitted.) Id.
"The party seeking to bar a deposition must make a threshold showing that there is good cause that the protective order issue. . . . A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (Citations omitted; internal quotation marks omitted.) Id.
The plaintiff's motions to quash and for protective order also implicate the rights of confidentiality that the plaintiff has in his medical records pursuant to General Statutes § 52-146o (a). The CT Page 8311 defendants object to the motion to quash on the grounds that the deposition and subpoena are authorized by Practice Book §§ 13-5, 13-28 (c) and by implication General Statutes §§ 52-148e (a) and (b), and that the consent of the patient is not required for disclosure "pursuant to any statute . . . or rules of court." General Statutes §52-146o(b)(1).
Pursuant to Practice Book § 13-28(e)(1), the court may "quash or modify the subpoena if it is unreasonable and oppressive or if it seeks the production of materials not subject to production. . . ." See also General Statutes § 52-148e (d).
General Statutes § 52-146o provides in relevant part that "in any civil action . . . a physician or surgeon . . . shall not disclose . . . any information obtained by personal examination of a patient. . . ." General Statutes § 52-146o (a). However, "[c]onsent of the patient or his authorized representatives shall not be required for the disclosure of such communication or information . . . pursuant to any statute or
. . . the rules of court. . . ." (Emphasis added.) General Statutes §52-146o (b).
Practice Book § 13-26 provides, in part, that:
 In addition to other provisions for discovery and subject to the provisions of Sections 13-2 through 13-5, any party who has appeared in a civil action . . . where the judicial authority finds it reasonably probable that evidence outside the record will be required, may, at any time after the commencement of the action or proceeding, in accordance with the procedures set forth in this chapter, take the testimony of any person, including a party, by deposition upon oral examination. The attendance of witnesses may be compelled by subpoena as provided in Section 13-28.
The language of Practice Book § 13-28 closely follows the language of General Statutes § 52-148e.
The plaintiff's motion for a protective order related to the issue of privilege, then, is denied because depositions are authorized by General Statutes § 52-148e e (a) and (b). as well as Practice Book §§ 13-26
and 13-28.
The plaintiff has claimed an inability to perform his normal activities. The court finds that it is not unreasonable to allow some CT Page 8312 inquiry by the defendant, as to whether or not the plaintiff has received treatment in the past. The plaintiff has initiated this action against the defendant for monetary damages, and the plaintiff has put his medical condition in issue. The harm to the defendant in barring inquiry into these issues outweighs the harm to the plaintiff and/or his relationship with his medical providers.
However, the court feels that some safeguards are necessary for purposes of relevancy, patient confidentiality, and to prevent "a fishing expedition" by the defendant. Therefore, the court will limit inquires to the calendar years of 1999 to the present. Accordingly, the motion to compel with the limiting instructions, set forth herein, is granted and the defendant's objection is overruled. The defendant's motion for protective order is granted only as to limiting the defendant's questions to the calendar years of 1999 to the present.
The plaintiff's assertions that the subpoenas constitute requests for privileged information and are beyond the scope of standard discovery are insufficient. Accordingly, the motion to quash the subpoena is denied and the subpoena is modified as set forth above.
Cremins, J.