[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DEFENDANT'S OBJECTION TO MOTION CT Page 791
The motion and objection raise issues whether Practice Book §§ 242-249 are applicable to the plaintiff's Motion for Protective Order and Objection to Notice of Deposition and whether the plaintiff has standing to file a motion for protective order to prevent the deposition of the plaintiff's employer which seeks the production of the plaintiff's employment records. Because the court holds that Practice Book §§ 242-249 inclusive are applicable, that the plaintiff's objections are well taken and that the plaintiff has standing to object to the deposition of her employer, the plaintiff's motion for protective order is granted.
The plaintiff seeks to prevent the deposition of her employer, Bayer Corporation, through a protective order and objects to the deposition due to deficient notice of deposition by the defendant to the plaintiff. In her motion, the plaintiff indicates that she objects to the deposition pursuant to Practice Book §§ 242 to 249 because her "counsel was not consulted with regard to the notice of deposition, nor the date, nor the time of the notice of deposition." The plaintiff also indicates that the information requested by the defendant is, inter alia, confidential and privileged, immaterial and irrelevant, beyond the scope of discovery and designed to annoy, embarrass, or oppress the plaintiff.
Practice Book § 244 (a) provides: "A party who desires to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. Such notice shall not be filed with the court, but shall be served upon each party or each party's attorney by personal or abode service or by registered or certified mail. The notice shall state the time and place for taking the deposition, the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify such person or the particular class or group to which he or she belongs and the manner of recording. . . ." Practice Book § 248 (3)(a), entitled "Effect of Errors and Irregularities in Depositions," provides: "As to notice: All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice." "The obvious reason for [Practice Book § 244] is to provide all other parties with an opportunity to exercise CT Page 792 their right to attend the deposition." Helfferich v. Farley,36 Conn. Sup. 333, 334, (1980).
The plaintiff's motion (#106) acts as both an objection to the notice of deposition under Practice Book § 248 (3)(a) and as a motion for protective order, presumably pursuant to Practice Book § 221. The defendant's objection to the plaintiff's motion on the ground that the plaintiff "erroneously cites Sections 242 and 249 of the Practice Book as the enabling provisions of the Practice Book" is meritless. The plaintiff does not cite Practice Book §§ 242 and 249 as purported by the defendant; rather, the plaintiff cites Practice Book §§ 242 to 249. However, the court will not determine the issue of claimed defects in the notice of deposition, because it has determined that the plaintiff is entitled to relief on the merits. The fact that the plaintiff does not cite to Practice Book § 221 does not invalidate her motion for protective order, as it is quite easily discernible from the language of the motion that the plaintiff seeks a protective order pursuant to Practice Book § 221.[1]
The defendant also argues that the "plaintiff's counsel has no standing to file a Motion for Protective Order and Objection to Notice of Deposition" because (1) the employer is not a party to the lawsuit, (2) the plaintiff's counsel does not represent the employer, and (3) Practice Book § 245 (d) provides in pertinent part that "[t]he person to whom a subpoena is directed may . . . serve upon the issuing authority designated in the subpoena written objection to the inspection or copying of any or all of the designated materials." The court disagrees.
Practice Book § 221 provides that "[u]pon motion by a party from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." (Emphasis added.) Practice Book § 221. "This language indicates that a protective order functions only to protect a party from being deposed." Cahn v. Cahn, 26 Conn. App. 720,727, 603 A.2d 759 (1992), aff'd, 225 Conn. 666, 626 A.2d 296
(1993). Nevertheless, in Cahn v. Cahn, the Appellate Court determined that a motion for protective order filed by the plaintiff to prevent the deposition of three nonparty witnesses for the defendant, because of the undue burden on the plaintiff of having to attend the depositions in New York, was proper even in light of the language of Practice Book § 221. The court CT Page 793 found that "[t]he basis for the protective order in this case was to protect the plaintiff from the `undue burden' of having to attend a deposition in New York, which is a valid reason under Practice Book § 221. Although the discovery being sought by the defendant was not from the plaintiff, the protective order was necessary to protect a party's interest. Accordingly, the plaintiff properly filed a motion for a protective order, to prevent the defendant from conducting depositions of nonparty witnesses." Cahn v. Cahn, supra, 26 Conn. App. 728.
Similarly here, the plaintiff seeks to preclude the deposition of her employer, a nonparty witness, to protect herself from annoyance, embarrassment, or oppression — all valid reasons to seek a protective order under Practice Book § 221. The subpoena duces tecum issued by the defendant to the plaintiff's employer gives a good indication as to what the defendant was about in deposing the employer. It commanded the employer to bring to the deposition "[y]our complete office filing including, but not limited to: (1) job applications, (2) performance reviews, salary and wage history information, (3) absenteeism records, (4) workers compensation records, (5) accidental injury information and medical records, and (6) any items not included in the above regarding Gabrielle Haefele."
While the defendant might be entitled to some of the information sought, the defendant is not entitled to the plaintiff's complete personnel file, including job applications, performance reviews and any and all records. The effect of such a scattergun approach is to interject irrelevant issues which are not likely to lead to admissible evidence in this lawsuit, which is about whether or not the defendant drove into the rear of the plaintiff's car causing her injuries and damages. Interjection of irrelevant personnel data and confidential matter could only serve to humiliate or embarrass the plaintiff without adding anything to the prosecution or defense of the case which the plaintiff was entitled to bring.
The motion for protective order is granted and the defendant's objection is overruled.
Flynn, J.